UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | | |
|---|---|---|
| TEDDY ALBERT ALLMAN, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 12-43-KSF |
| | ) | |
| v. | ) | |
| | ) | |
| JOHN MATTINGLY, *et al.*, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | |

\*\*\*  \*\*\*  \*\*\*  \*\*\*

Teddy Albert Allman is a prisoner confined at the Northpoint Training Center in Burgin, Kentucky. Allman, proceeding without an attorney, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983 [R. 1] and a motion to pay the $350 filing fee in installments pursuant to 28 U.S.C. § 1915(b). [R. 2] The Court has granted Allman's fee motion by separate order.

The Court conducts a preliminary review of civil rights complaints. 28 U.S.C. § 1915A; *McGore v. Wrigglesworth*, 114 F.3d 601, 607-08 (6th Cir. 1997). Because the plaintiff is not represented by an attorney, the complaint is reviewed under a more lenient standard. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). At this stage the Court accepts the plaintiff's factual allegations as true and his legal claims are liberally construed in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). But the Court must dismiss a case at any time if it determines the action (a) is frivolous or malicious, or (b) fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2).

Allman alleges that on January 13, 2012, officer Mattingly told him to remove a piece of string and a bird feather attached to his hat because such alterations were not authorized, rendering

the hat contraband at the prison. [R. 1 at 3] Allman filed a grievance against Mattingly the same day to prevent what he perceived to be harassment. [R. 1-1 at 20-22]

Four days later, on January 17, 2012, Mattingly confiscated the unauthorized hat and filed an incident report charging Allman with possession of contraband. [R. 1-1 at 23] The same day, Allman filed a second grievance against Mattingly alleging that the confiscation of his hat and filing of the incident report were done in retaliation for the grievance he filed against Mattingly. [R. 1 at 3; R. 1-1 at 30]

On January 24, 2012, Captain Mudd addressed Allman's first and second grievances at the informal resolution stage, indicating that before Mattingly had issued him an incident report, he had checked with the prison canteen to confirm that it does not, as Allman had alleged, sell a hat in the condition as worn by Allman, and that Mattingly was simply performing his duties as an officer in issuing the incident report. [R. 1-1 at 21, 30] Allman alleges that Captain David Mudd retaliated against him by defending officer Mattingly's actions. [R. 1 at 3]

On January 25, 2012, grievance coordinator Michelle Banta rejected both of Allman's attempts to appeal the two grievances to the warden, indicating that the pending disciplinary charge against Allman rendered the issues raised non-grievable pursuant to CPP 14.6.[1] [R. 1-1 at 21, 30] Allman does not indicate whether he appealed the rejection of either of his grievances to the warden. Allman alleges that Banta improperly rejected his grievances in retaliation for his exercise of his rights under the First Amendment. [R. 1 at 3]

Following a hearing on January 27, 2012, a Unit Hearing Officer found Allman not guilty of the offense, noting that CPP 17.1 §12 only prohibits prisoners from wearing clothing items that

---

[1] CPP 14.6 § II (C)(4) (Nov. 2006) makes "Adjustment Committee decision[s], Unit Hearing Officer decision[s], Adjustment Officer decision[s], or Warden's review of these decisions" non-grievable.

contain inflammatory, offensive, or gang-related markings. [R. 1-1 at 28]

On January 19, 2012, Allman wrote a letter to Deputy Warden Prestigiacomo in which he asserted that officer Mattingly acted improperly by confiscating his hat and issuing an incident report after Allman had filed a grievance against him. [R. 1-1 at 36] Following some investigation by Prestigiacomo, on February 2, 2012, he wrote Allman requesting further information regarding the date he purchased the hat from the canteen. [R. 1-1 at 37] The next day, Allman wrote an extensive response to Prestigiacomo, but did not provide the requested information. On February 6, 2012, Prestigiacomo wrote back indicating that Allman could not wear the hat with the string and bird feather attached, and cautioned that he would be subject to disciplinary sanctions if he altered the hat in the future. [R. 1-1 at 37] Allman alleges that Prestigiacomo's responses and inaction violated his constitutional rights by allowing his staff to act in the manner described. [R. 1 at 4]

In his complaint, Allman has sued officer Mattingly, Captain Mudd, Grievance Coordinator Banta, and Deputy Warden Prestigiacomo in their individual and official capacities for monetary damages. [R. 1 at 9] Having reviewed the complaint, the Court must dismiss all of the claims for the reasons set forth below.

First, the Court must dismiss the official capacity claims against each of the defendants. An "official capacity" suit against a state employee or official is actually a suit against the state itself, which is immunized from any suit for money damages by the Eleventh Amendment to the United States Constitution. *Cady v. Arenac Co.*, 574 F.3d 334, 342 (6th Cir. 2009); *Kentucky v. Graham*, 473 U.S. 159, 169 (1985). In addition, states, state agencies, and state officials sued in their official capacities for monetary damages are not considered "persons" within the meaning of 42 U.S.C. § 1983 claim. *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). The Court must therefore dismiss all of the official capacity claims with prejudice.

Second, Allman's individual capacity claims against Captain Mudd, Grievance Coordinator Banta, and Deputy Warden Prestigiacomo fail to state a claim upon which relief may be granted, as none of these individuals were personally involved in Mattingly's conduct in confiscating Allman's hat or charging him with possession of contraband. Rather, each merely responded to his grievances regarding that conduct, actions which fail to implicate constitutional concerns. *Alder v. Corr. Med. Servs.*, 73 F. App'x 839, 841 (6th Cir. 2003) ("The mere denial of a prisoner's grievance states no claim of constitutional dimension"); *Cuco v. Federal Medical Center - Lexington*, 2006 WL 1635668, at *22 (E.D. Ky. Jun. 9, 2006), *aff'd*, 257 F. App'x 897 (6th Cir. 2007); *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir.1999). And as Allman has been advised in prior litigation, there is no constitutional right to either an effective grievance procedure or to an agency's adherence to its own procedural rules. *Allman v. Dotson*, No. 3:10-cv-672-JBC (W.D. Ky. 2010) (slip op. of Nov. 30, 2010, at pg. 4-5); *Walker v. Mich. Dept. of Corr.*, 128 F. App'x 441, 445 (6th Cir. 2005).

Third, Allman's individual capacity claim against officer Mattingly for allegedly retaliating against him for filing a grievance fails as a matter of law. To establish a retaliation claim under the First Amendment, a prisoner must prove that (1) he engaged in protected conduct, (2) the defendant took an adverse action that is capable of deterring a person of "ordinary firmness from continuing to engage in that conduct," and (3) "the adverse action was motivated at least in part by the [prisoner's] protected conduct." *Thaddeus–X v. Blatter*, 175 F.3d 378, 394, 398 (6th Cir. 1999) (*en banc*).

Assuming at this preliminary stage that Allman's claim satisfies the first two requirements, the Court concludes that the evidence provided with the complaint refutes the notion that Mattingly's actions were motivated even in part by a retaliatory animus. Mattingly did confiscate Allman's hat on January 17, 2012, only four days after Allman had filed a grievance against him. [R. 1-1 at 21]

But the Sixth Circuit has made clear that mere temporal proximity between the filing of a grievance and the allegedly retaliatory action is not a sufficient basis, without more, to infer a retaliatory motive. *Holzemer v. City of Memphis*, 621 F.3d 512, 525–26, (6th Cir.2010). Instead, the Court must look at the totality of the circumstances to determine whether the facts would support an inference of retaliatory intent. *Id*. at 526.

In this case, even before Allman had filed his grievance, Mattingly had warned him to remove the string and bird feather from his hat as they were unauthorized, rendering them subject to confiscation as contraband. [R. 1-1 at 21, 23] Allman then filed his grievance in an effort to get Mattingly "to not harass me about the issued replacement string," [see R.1-1 at 21] and to prevent him from confiscating the hat. [see R. 1-1 at 32] When Allman continued to wear the hat in a manner contrary to Mattingly's directions, Mattingly confiscated the hat and filed an incident report in accordance with his understanding of CPP 17.1 §12. Particularly where Mattingly's actions in confiscating the hat were directly related to - and consistent with - his course of action *before* Allman had filed his grievance, Allman's conclusory allegation that the filing of the grievance was a causal factor in that action fails to support a retaliation claim as a matter of law. *Cf. Washington v. Doe*, 2008 WL 2045793, at *11 (E.D. Mich. 2008) ("Where the alleged retaliatory conduct began before the plaintiff engaged in protected speech, no retaliatory claim can be established."); *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 285-86 (1977) (rule of causation cannot be interpreted to allow a plaintiff to engage in constitutionally protected conduct in order to put himself in a better position than he would have been in had he not engaged in that conduct); *Harbin–Bey v. Rutter*, 420 F.3d 571, 580 (6th Cir. 2005); *Shehee v. Grimes*, 39 F. App'x 127, 128 (6th Cir. 2002). The Court will therefore dismiss the individual capacity claim against officer Mattingly with prejudice.

Accordingly, **IT IS ORDERED** that:

1. Plaintiff's complaint [R. 1] is **DISMISSED WITH PREJUDICE.**

2. This matter is **STRICKEN** from the active docket.

3. The Court will enter an appropriate judgment.

This February 27, 2012.



Signed By:
*Karl S. Forester* KSF
United States Senior Judge